**UNITED STATE DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT LEXINGTON**

Action No._____

**OWNERS INSURANCE COMPANY**                                    **PLAINTIFFS**
**6101 Anacapri Boulevard**
**Lansing, MI 48917-3999**

**and**

**AUTO-OWNERS INSURANCE COMPANY**
**6101 Anacapri Boulevard**
**Lansing, MI 488917-3999**

**v.**

**SCATES BUILDERS, LLC**                                    **DEFENDANTS**

**SERVE:      J. Jeffrey Scates**
             **515 Sussex Estates**
             **Nicholasville, KY 40356**

**and**

**J. JEFFREY SCATES**

**SERVE:      J. Jeffrey Scates**
             **515 Sussex Estates**
             **Nicholasville, KY 40356**

**and**

**THERESA WEAKS SCATES**

**SERVE:      Theresa Weaks Scates**
             **515 Sussex Estates**
             **Nicholasville, KY 40356**

**and**

**DANNY KNIGHT**

**SERVE:      Danny and Patricia Knight**
             **2260 Houston-Antioch Road**
             **Paris, KY 40361**

and

**PATRICIA KNIGHT**

**SERVE:**    **Patricia Knight**
                **2260 Houston-Antioch Road**
                **Paris, KY 40361**

and

**DONNA SIMPSON, Individually and as Trustees of the Donna and Richard Simpson Revocable Trust**

**SERVE:**    **Donna Simpson**
                **113 Willow Oak Way**
                **Georgetown, KY 40324**

and

**RICHARD SIMPSON, Individually and as Trustee of the Donna and Richard Simpson Revocable Trust**

**SERVE:**    **Richard Simpson**
                **113 Willow Oak Way**
                **Georgetown, KY 40324**

and

**KEVCO PLUMBING LLC**

**SERVE:**    **Kevin Roberts**
                **513 Barlow Drive**
                **Winchester, KY 40391**

---

## COMPLAINT FOR DECLARATORY JUDGMENT

---

Plaintiffs, Owners Insurance Company and Auto-Owners Insurance Company, by counsel, file this Complaint for three (3) declaratory judgments state as follows:

2

# I.    **Parties**

1.      Plaintiff, Owners Insurance Company ("Owners"), is an insurance company incorporated in the state of Ohio with its principal offices located at 6101 Anacapri Boulevard, Lansing, Michigan.   Owners is authorized by the Kentucky Department of Insurance to conduct the business of insurance in this Commonwealth.

2.      Plaintiff, Auto-Owners Insurance Company ("Auto-Owners"), is an insurance company incorporated in the state of Michigan with its principal office also located at 6101 Anacapri Boulevard, Lansing, Michigan.   Auto-Owners is authorized by the Kentucky Department of Insurance to conduct the business of insurance in this Commonwealth.

3.      Defendant, Scates Builders, LLC ("Scates Builders"), is an active Kentucky limited liability company in the business of building and constructing residential houses as a general contractor.   J. Jeffrey Scates is the managing member and registered agent with the principal place of business of Scates Builders at 515 Sussex Estates, Nicholasville, Kentucky 40356.   Theresa Weaks Scates is the wife of J. Jeffrey Scates and the other member of the Scates Builders, LLC.    J. Jeffrey Scates and Theresa Weaks Scates are Kentucky residents and citizens of the Commonwealth of Kentucky with their principal place of residence as 515 Sussex Estates, Nicholasville KY 40356.

4.      Defendants, Danny and Patricia Knight (the "Knights") are husband and wife who signed a contract with Scates Builders to build their home at 2260 Houston-Antioch Road, Paris, Kentucky 40361.   The Knights are residents and citizens of the Commonwealth of Kentucky.   The Knights have an interest in the resolution of these issues in this Complaint for Declaratory Judgment.

5.     Defendants, Donna and Richard Simpson, husband and wife and Trustees of the Donna and Richard Simpson Revocable Trust (the "Simpsons"), executed an agreement with Scates individually and/or Scates Builders to build their home at 113 Willow Oak Way, Georgetown, Kentucky 40324.   The Simpsons are residents and citizens of the Commonwealth of Kentucky.   The Simpsons have an interest in the resolution of these issues in the Complaint for Declaratory Judgment.

6.     Kevco Plumbing LLC ("Kevco") is an active Kentucky Limited Liability Company.   The principal place of business of Kevco is also 515 Barlow Drive, Winchester, Kentucky 40391.   Mr. Kevin Roberts is the sole member of the LLC and registered agent for Kevco.   Mr. Roberts resides at 515 Barlow Drive, Winchester KY 40391 and is a citizen of the Commonwealth of Kentucky.

## II.   **Jurisdiction**

7.     This is an action seeking three (3) declaratory judgments authorized by 28 U.S.C. § 2201 and Fed. R. Civ. Procedure 57 against Scates Builders, J. Jeffrey Scates and/or Theresa Weaks Scates.    These claims are joined in a single action pursuant to Fed. R. Civ. Procedure 18(a).   Each issue requiring a declaratory judgment is between the citizens of different states and the amount in controversy exceeds Seventy-five Thousand Dollars ($75,000.00), exclusive of interest or costs.   This Court has original jurisdiction pursuant to 28 U.S.C. § 1332.   Venue is proper, in that the causes of action upon which the declarations of rights under the insurance contracts arose or the controversy occurred within the jurisdictional boundaries of this Court and the contracts were made within these same boundaries pursuant to 28 USC § 1391.

8.     This Court has personal jurisdiction over the parties as each of the

4

defendants reside and are citizens in the Commonwealth of Kentucky and/or are Kentucky limited liability companies whose members reside in and are citizens of the Commonwealth of Kentucky within this Court's jurisdictional boundaries.

### III.   Complaint for declaratory relief as to Donna and Richard Simpson's claim against Scates Builders, J. Jeffrey Scates, and Theresa Weaks Scates, Individually

9.     Auto-Owners issued a policy of insurance, Policy No. 092314-52068665-17, with effective dates of July 2, 2017 to July 2, 2018, to Scates Builders, LLC.   A certified copy of the policy is attached hereto as Exhibit A.   It is alleged that during the terms of the policy set out above, Scates Builders and/or J. Jeffrey Scates and Theresa Weaks Scates as general contractor, entered into an agreement on August 14, 2017 to construct a private home at 113 Willow Oak Way, Georgetown, Kentucky 40324 on behalf of the Simpsons for $726,703.00.   *See*, Complaint of Simpsons attached hereto as Exhibit B.

10.     In Simpsons' Complaint against Scates Builders, J. Jeffrey Scates and Theresa Weaks Scates, the Simpsons alleged they failed to competently and in a workmanlike manner construct the home.   As a result, delays occurred and Scates Builders, J. Jeffrey Scates and/or Theresa Weaks Scates never resolved the persistent water intrusion into the basement of the home causing damages.   The Simpsons alleged breach of contract, breach of warranty, misrepresentation/fraud, negligent misrepresentation, fraud in the inducement, breach of duty of good faith and fair dealing, unjust enrichment, violation of the Kentucky Consumer Protection Act, negligence/negligence per se, violation of the Kentucky Building Code, punitive damages, attorneys' fees, vicarious liability, negligent supervision, fraud by omission, and civil conspiracy.

11.     As a result of the filing of the suit by Simpsons, Scates Builders, J. Jeffery Scates, and Theresa Weaks Scates have sought coverage under the policy of insurance set out above.   A defense has been provided to Scates Builders and to J. Jeffrey Scates and Theresa Weaks Scates as member of Scates Builders LLC in furthering the Limited Liability Company's business.   The defense and any indemnity are subject to a reservation of rights as the claims made by the Simpsons are not covered claims under the clear terms of the policy.

12.     The insurance policy of Auto-Owners issued to Scates Builders does not provide liability insurance coverage to Scates Builders for the matters complained of by the Simpsons.   In addition, the claims of the Simpsons are specifically excluded under the policy language.

13.     The Commercial General Liability Coverage Form of the policy issued by Auto-Owners to Scates Builders states as follows:

## COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**SECTION I - COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.     Insuring Agreement**

 **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may at our discretion investigate any claim or "occurrence" and settle any claim or "suit" that may result. But:

  **(1)**     The amount we will pay for damages is limited as described in Section **III** - Limits of Insurance; and

  **(2)**     Our right and duty to defend end when we have used up the

6

applicable limit of insurance in the payment of judgments or settlements under Coverage **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

**b.**     This insurance applies to "bodily injury" and "property damage" only if:

**(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)**    The "bodily injury" or "property damage" occurs during the policy period; and

**(3)**    Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**2.     Exclusions**

This insurance does not apply to:

**b.     Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)**    Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. However, if the insurance under this policy does not apply to the liability of the insured, it also does not apply to such liability assumed by the insured under an "insured contract".

**(2)**    That the insured would have in the absence of the contract or agreement.

7

**j.    Damage to property**

"Property damage" to:

**(1)**    Property you own, rent, occupy or use, including any cost, or expense incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

**(2)**    Property that any of your:

**(a)**    "Employees";
**(b)**    "Volunteer workers";
**(c)**    Partners or members (if you are a partnership or joint venture); or
**(d)**    Members (if you are a limited liability company)

own, rent, occupy or use.   However, this exclusion **j.(2)**, shall not apply to your liability for damage to such property;

**(3)**    Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

**(4)**    Property loaned to you;

**(5)**    Personal property in the care, custody or control of, or over which physical control is being exercised for any purpose by any insured;

**(6)**    That particular part of real property on which any inured or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(7)**    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs **(1)**, **(2)**, **(4)** and **(5)** of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of seven or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section **III** - Limits of Insurance.

8

Paragraph **(3)** of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs **(4)**, **(5)**, **(6)** and **(7)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(7)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

### k.   Damage To Your Product

"Property damage" to "your product" arising out of it or any part of it.

### l.   Damage To Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

### m.   Damage To Impaired Property Or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)**   A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)**   A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

## SECTION V - DEFINITIONS

**4.**   "Bodily injury" means bodily injury, bodily sickness or bodily disease sustained by a person, including death resulting from any of these at any time.

**10.**   "Insured contract" means:

**f.**   That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of

another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph **f.** does not include that part of any contract or agreement:

**(1)**    That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing;

**(2)**    That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

**(a)**    Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

**(b)**    Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

**(3)**    Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in **(2)** above and supervisory, inspection, architectural or engineering activities.

**14.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**18.**    "Property damage" means:

**a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.**    Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS,

tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**21.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies are alleged. "Suit" includes:

    **a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    **b.** Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

**26.** "Your product":

    **a.** Means:

        **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

            **(a)** You;
            **(b)** Others trading under your name; or
            **(c)** A person or organization whose business or assets you have acquired; and

        **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    **b.** Includes:

        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

        **(2)** The providing of or failure to provide warnings or instructions.

    **c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

**27.** "Your work":

    **a.** Means:

        **(1)** Work or operations performed by you or on your behalf; and

      **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

  **b.**    Includes:

      **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

      **(2)**    The providing of or failure to provide warnings or instructions.

14.     Among the coverage provisions of the insurance policy issued by Auto-Owners to Scates Builders is an exclusion found under Section 1 - Coverages - Coverage A, subparagraph 2, titled "Exclusions", at paragraph j - "Damage to Property", (6), that the insurance does not apply to any damage to that particular part of real property on which the insured or any contractor or subcontractor working directly or indirectly on the insured's behalf is performing operations, if the property damages arises out of those operations.   As set out in the complaint of Simpson, the damages they seek arise directly out of the work performed by Scates Builders, or its subcontractors.   As a consequence, coverage for the damages sought by Simpsons are excluded by the policy.

15.     The policy issued by Auto-Owners to Scates Builders provided under Section 1 -Coverages - Coverage A, subparagraph 2, titled "Exclusions", at paragraph j - "Damage to Property", (7), the insurance did not apply to property damage to that particular part of any property that had to be restored, repaired or replaced because the insured's work was incorrectly performed.   The damages sought by Simpsons are damages to that particular part of the real property in question that was repaired, replaced or restored because the work of Scates Builders was incorrectly or improperly performed. As a consequence, coverage under this policy herein identified is excluded.

16.     The policy issued by Auto-Owners to Scates Builders provided under Section 1 Coverages A, subparagraph 2, titled Exclusions, at paragraph k that the insurance did not apply to "property damage" to "your product, arising out of it or any part of it."   The damages sought by the Simpsons is for property damage to Scates Builders' product which arose out of defects in the product or parts of the product.   As a consequence, coverage under the policy herein identified is excluded under Exclusion k.

17.     The policy issued by Auto-Owners to Scates Builders provided under Section 1 - Coverages - Coverage A, subparagraph 2, titled "Exclusions", at paragraph l, that the insurance did not apply to property damage to the work of the insured arising out of or any part of it and included in the products-completed operations hazard.   The allegations of the complaint are that the work in question was negligently completed and, as a consequence, any coverage under the policy herein identified is excluded.

18.     The policy issued by Auto-Owners to Scates Builders provided under Section 1 - Coverage A, subparagraph 2, titled "Exclusions", at paragraph m. that the insurance did not apply to "property damage", to "impaired property" or property that has not been physically injured, arising out of; (1) a defect, deficiency, inadequacy, or dangerous condition in "your product" or "your work"; or (2) a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.   This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.   The exclusion found at paragraph m. clearly excludes coverage under the policy herein identified for the claims of the Simpsons.

19.     The policy issued by Auto-Owners to Scates Builders provided coverage for

13

property damage as a result of an "occurrence."  "Occurrence" is defined as an accident, including continuous or repeated exposure to substantial, general and harmful conditions.  The actions of Scates Builders, J. Jeffrey Scates, or Theresa Weaks Scates and events herein as alleged by the Simpsons do not meet the definition of an "occurrence" as defined in the policy and therefore, as a consequence, there is no coverage under the policy for the damages claimed by the Simpsons.

20.    The insurance policy of Auto-Owners does not provide liability insurance coverage for breach of contract, fraudulent acts, or intentional acts complained of against Scates Builders, J. Jeffrey Scates and Theresa Weaks Scates.   The Simpsons have alleged breach of contract/warranty, fraud and intentional causes of action.   As a consequence, there is no coverage for those claims under the terms of the policy.

21.    Auto-Owners is entitled to a declaration of this Court that the policy in question does not provide insurance coverage to Scates Builders, J. Jeffrey Scates and/or Theresa Weaks Scates for the acts as alleged in the complaint or for the damages sought by the Simpsons as the claims are expressly excluded under the provisions of the policy.

### IV.   Complaint for declaratory relief as to Donna and Richard Simpson's claim against Scates Builders, J. Jeffrey Scates, and Theresa Weaks Scates individually as Additional Insureds under the Owners Insurance to Kevco Plumbing LLC.

22.    Owners issued a policy of insurance, Policy No. 164614-52590958, with effective dates of December 19, 2019 to January 4, 2021 to Kevco Plumbing LLC.   A certified copy of the policy is attached hereto as Exhibit C.   In Kevco Plumbing LLC's policy with Owners, Scates Builders was added as an additional insured.   It is alleged that during the terms of the policy set out above, Scates Builders and/or J. Jeffrey Scates and Theresa Weaks Scates as general contractor, entered into an agreement on August 14,

2017 to construct a private home at 113 Willow Oak Way, Georgetown KY 40324 on behalf of the Simpsons for $726,703.00. *See*, Complaint of Simpsons previously attached hereto as Exhibit B.

23. In their complaint against Scates Builders, J. Jeffrey Scates and Theresa Weaks Scates, the Simpsons alleged that they failed to competently and in a workmanlike manner construct the home. As a result, delays occurred and Scates Builders, J. Jeffrey Scates and/or Theresa Weaks Scates never resolved the persistent water intrusion into the basement of the home causing damages. The Simpsons alleged breach of contract, breach of warranty, misrepresentation/fraud, negligent misrepresentation, fraud in the inducement, breach of duty of good faith and fair dealing, unjust enrichment, violation of Kentucky Consumer Protection Act, negligence/negligence per se, violation of Kentucky Building Code, punitive damages, attorneys' fees, vicarious liability, negligent supervision, fraud by omission, and civil conspiracy.

24. As a result of the filing of the suit by Simpsons, Scates Builders, Jeffery Scates, and Theresa Weaks Scates have sought coverage under the policy of insurance set out above. A defense has been provided to Scates Builders and to J. Jeffrey Scates and Theresa Weaks Scates as member of Scates Builders LLC to the extent that they were acting on behalf of Scates Builders for any omission or acts of our insured Kevco Plumbing LLC or for the acts or omissions of those acting on behalf of Kevco Plumbing. The defense and any indemnity are subject to a reservation of rights as the claims made by Simpsons are not covered claims under the clear terms of the policy.

25. The insurance policy of Owners issued to Kevco Plumbing LLC with Scates Builders as an additional insured for any omission or acts of our insured Kevco Plumbing LLC or for the acts or omissions of those acting on behalf of Kevco Plumbing LLC does

not provide coverage for matters complained of by the Simpsons.    In addition, the claims

of the Simpsons are specifically excluded under the policy language.

26.    The Commercial General Liability Form as part of the policy issued by

Owners to Kevco Plumbing LLC with Scates Builders as an additional insured states as

follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to
determine rights, duties and what is and is not covered. Throughout this policy the words
"you" and "your" refer to the Named Insured shown in the Declarations, and any other
person or organization qualifying as a Named Insured under this policy. The words "we",
"us" and "our" refer to the company providing this insurance. The word "insured" means
any person or organization qualifying as such under Section II – Who Is An Insured.
Other words and phrases that appear in quotation marks have special meaning. Refer to
Section V – Definitions.

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

   **a.**    We will pay those sums that the insured becomes legally obligated to pay as
   damages because of "bodily injury" or "property damage" to which this
   insurance applies. We will have the right and duty to defend the insured
   against any "suit" seeking those damages. However, we will have no duty to
   defend the insured against any "suit" seeking damages for "bodily injury" or
   "property damage" to which this insurance does not apply. We may, at our
   discretion, investigate any "occurrence" and settle any claim or "suit" that
   may result. But:

   **(1)**    The amount we will pay for damages is limited as described in
   Section III – Limits Of Insurance; and

   **(2)**    Our right and duty to defend ends when we have used up the
   applicable limit of insurance in the payment of judgments or
   settlements under Coverages **A** or **B** or medical expenses under
   Coverage **C**.

   No other obligation or liability to pay sums or perform acts or services is
   covered unless explicitly provided for under Supplementary Payments –
   Coverages **A** and **B**.

16

    **b.**    This insurance applies to "bodily injury" and "property damage" only if:

        **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)**    The "bodily injury" or "property damage" occurs during the policy period; and

        **(3)**    Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

    **c.**    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

    **d.**    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

        **(1)**    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

        **(2)**    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

        **(3)**    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

    **e.**    Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

**2.**    **Exclusions**

This insurance does not apply to:

    **a.**    **Expected Or Intended Injury**

        "Bodily injury" or "property damage" expected or intended from the

standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b.**   **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)**   That the insured would have in the absence of the contract or agreement; or

**(2)**   Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

**(a)**   Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

**(b)**   Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

**j.**   **Damage To Property**

"Property damage" to:

**(4)**   Personal property in the care, custody or control of the insured;

**(5)**   That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)**   That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

**k.**   **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l.    Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products completed operations hazard". This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.    Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)**    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)**    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

**2.    Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.**    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)**    How, when and where the "occurrence" or offense took place;
**(2)**    The names and addresses of any injured persons and witnesses; and
**(3)**    The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.**    If a claim is made or "suit" is brought against any insured, you must:

**(1)**    Immediately record the specifics of the claim or "suit" and the date received; and
**(2)**    Notify us as soon as practicable. You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.**    You and any other involved insured must:

    **(1)**    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

    **(2)**    Authorize us to obtain records and other information;

    **(3)**    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

    **(4)**    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

## SECTION V – DEFINITIONS

**3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**8.**    "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    **a.**    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    **b.**    You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

**9.**    "Insured contract" means:

    **a.**    A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

    **b.**    A sidetrack agreement;

    **c.**    Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

    **d.**    An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

    **e.**    An elevator maintenance agreement;

**f.**   That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement. Paragraph f. does not include that part of any contract or agreement:

**(1)**   That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing;

**(2)**   That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

**(a)**   Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

**(b)**   Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

**(3)**   Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in **(2)** above and supervisory, inspection, architectural or engineering activities.

**13.**   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**16.**   "Products-completed operations hazard":

**a.**   Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

**(1)**   Products that are still in your physical possession; or

**(2)**   Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

**(a)**   When all of the work called for in your contract has been completed.

**(b)**   When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

**(c)**   When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project. Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**b.**   Does not include "bodily injury" or "property damage" arising out of:

**(1)**   The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

**(2)**   The existence of tools, uninstalled equipment or abandoned or unused materials; or

**(3)**   Products or operations for which the classification, listed in the Declarations or in a policy Schedule, states that products-completed operations are subject to the General Aggregate Limit.

**17.**   "Property damage" means:

**a.**   Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.**   Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

**21.**   "Your product":

**a.**   Means:

**(1)**   Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

**(a)**   You;

**(b)**   Others trading under your name; or

**(c)**   A person or organization whose business or assets you have acquired; and

22

       **(2)**    Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    **b.**    Includes:

       **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

       **(2)**    The providing of or failure to provide warnings or instructions.

    **c.**    Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.**    "Your work":

    **a.**    Means:

       **(1)**    Work or operations performed by you or on your behalf; and
       **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

    **b.**    Includes:

       **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
       **(2)**    The providing of or failure to provide warnings or instructions.

***************************************

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - SCHEDULED PERSON OR ORGANIZATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

23

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s) | Location And Description Of Completed Operations |
|---|---|
| SCATES BUILDERS LLC | |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A.** **Section II - Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

**1.** Your acts or omissions; or

**2.** The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

However:

**1.** The insurance afforded to such additional insured only applies to the extent permitted by law; and

**2.** If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

**B.** With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to "bodily injury" or "property damage" occurring after:

24

1.      All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

2.      That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

**C.**      With respect to the insurance afforded to these additional insureds, the following is added to **Section III – Limits Of Insurance**:

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

1.      Required by the contract or agreement; or
2.      Available under the applicable Limits of Insurance shown in Declarations;

whichever is less.

This endorsement shall not increase the applicable Limits of Insurance shown in the Declarations.

27.      Among the coverage provisions of the insurance policy issued by Owners to Kevco Plumbing LLC with Scates Builders as an additional insured is an exclusion found under Section 1 - Coverages - Coverage A, subparagraph 2, titled "Exclusions", at paragraph j - "Damage to Property", (6), that the insurance does not apply to any damage to that particular part of real property on which the insured or any contractor or subcontractor working directly or indirectly on the insured's behalf is performing operations, if the property damages rises out of those operations.   As set out in the complaint of the Simpsons, the damages they seek arise directly out of the work performed by Scates Builders, or its subcontractors.    As a consequence, coverage for the damages sought by the Simpsons are excluded by the policy.

25

28.     The policy issued by Owners to Kevco Plumbing LLC with Scates Builders as an additional insured provided under Section 1 - Coverages - Coverage A, subparagraph 2, titled "Exclusions", at paragraph j - "Damage to Property", (7), the insurance did not apply to property damage to that particular part of any property that had to be restored, repaired or replaced because the insured's work was incorrectly performed.    The damages sought by the Simpsons are damages to that particular part of the real property in question that was repaired, replaced or restored because the work of Scates Builders was incorrectly or improperly performed.    As a consequence, coverage under this policy herein identified is excluded.

29.     The policy issued by Owners to Kevco Plumbing LLC with Scates Builders as an additional insured provided under Section 1 Coverages A, subparagraph 2, titled Exclusions, at paragraph k that the insurance did not apply to "property damage" to "your product, arising out of it or any part of it."    The damages sought by the Simpsons is for property damage to Scates Builders' product which arose out of defects in the product or parts of the product.    As a consequence, coverage under the policy herein identified is excluded under Exclusion k.

30.     The policy issued by Owners to Kevco Plumbing LLC with Scates Builders as an additional insured provided under Section 1 - Coverages - Coverage A, subparagraph 2, titled "Exclusions", at paragraph l, that the insurance did not apply to property damage to the work of the insured arising out of or any part of it and included in the products-completed operations hazard.    The allegations of the complaint are that the work in question was negligently completed and, as a consequence, any coverage under the policy herein identified is excluded.

26

31.    The policy issued by Owners to Kevco Plumbing LLC with Scates Builders as an additional insured provided under Section 1 - Coverage A, subparagraph 2, titled "Exclusions", at paragraph m. that the insurance did not apply to "property damage", to "impaired property" or property that has not been physically injured, arising out of; (1) a defect, deficiency, inadequacy, or dangerous condition in "your product" or "your work"; or (2) a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.   This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.   The exclusion found at paragraph m. clearly excludes coverage under the policy herein identified for the claims of the Simpsons.

32.    The policy issued by Owners to Kevco Plumbing LLC with Scates Builders as an additional insured provided coverage for property damage as a result of an "occurrence."   "Occurrence" is defined as an accident, including continuous or repeated exposure to substantial, general and harmful conditions.   The actions of Scates Builders, J. Jeffrey Scates, or Theresa Weaks Scates and events herein as alleged by the Simpsons do not meet the definition of an "occurrence" as defined in the policy and therefore, as a consequence, there is no coverage under the policy for the damages claimed by the Simpsons.

33.    The insurance policy of Owners to Kevco Plumbing LLC with Scates Builders as an additional insured does not provide liability insurance coverage for breach of contract, fraudulent acts, or intentional acts complained of against Scates Builders, J. Jeffrey Scates and Theresa Weaks Scates.   The Simpsons have alleged breach of

27

contract/warranty, fraud and intentional acts as causes of action.   As a consequence there is no coverage for those claims under the terms of the policy.

34.   The insurance policy of Owners to Kevco Plumbing LLC with Scates Builders as an additional insured does not provide liability insurance coverage for any acts or omissions of Scates Builders, J. Jeffrey Scates or Theresa Weaks Scates independent of any omission or acts of Kevco Plumbing LLC or for the acts or omissions of those acting on behalf of Kevco Plumbing LLC.   Further it is believed that the Simpson's home was completed before Scates Builders was added as an additional insured.

35.   Owners is entitled to a declaration of this Court that the policy in question does not provide insurance coverage to Scates Builders, J. Jeffrey Scates and/or Theresa Weaks Scates as additional insured under Owners Insurance policy to Kevco Plumbing LLC for the acts as alleged in the complaint or for the damages sought by the Simpsons as the claims are expressly excluded under the provisions of the policy.

## V.   Complaint for declaratory relief as to Danny and Patricia Knight's claim against Scates Builders.

36.   Auto-Owners issued a policy of insurance, Policy No. 092314-52068665-14, with effective dates of July 2, 2014 to July 2, 2015, to Scates Builders, LLC.   A certified copy of the policy is attached hereto as Exhibit D.   It is alleged that during the terms of the policy set out above, Scates Builders as general contractor, entered into an agreement on or about November 6, 2014 to construct a private home at 2260 Houston-Antioch Road, Paris, Kentucky 40361 on behalf of the Knights for $567,825.00.   *See*, Demand for Arbitration attached hereto as Exhibit E.

28

37.     In their Demand for Arbitration against Scates Builders, the Knights alleged that they failed to competently and in a workmanlike manner construct the home. Construction defects and/or use of inappropriate materials caused or contributed to cause intrusion of water into the home from the roof and other exteriors.   Further, the Knights allege that water intrusion has also occurred in the basement as a result of Scates Builders failing to competently and in a workmanlike manner construct the home.   The Knights alleged breach of contract, breach of warranty, negligent misrepresentation, unjust enrichment, negligence/negligence per se, violation of the Kentucky Building Code, punitive damages, attorneys' fees, vicarious liability, negligent supervision, and fraud by omission.

38.     As a result of the filing of the Knights' Demand for Arbitration, Scates Builder has sought coverage under the policy of insurance set out above.   A defense has been provided to Scates Builders.   The defense and any indemnity are subject to a reservation of rights as the claims made by the Knights are not covered claims under the clear terms of the policy.

39.     The insurance policy of Auto-Owners issued to Scates Builders does not provide liability insurance coverage to Scates Builders for the matters complained of by the Knights.   In addition, the claims of the Knights are specifically excluded under the policy language.

40.     The Commercial General Liability Form under the policy issued by Auto-Owners to Scates Builders states as follows:

## COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**SECTION I - COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

**a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may at our discretion investigate any claim or "occurrence" and settle any claim or "suit" that may result. But:

**(1)**    The amount we will pay for damages is limited as described in Section **III** - Limits of Insurance; and

**(2)**    Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

**b.**    This insurance applies to "bodily injury" and "property damage" only if:

**(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)**    The "bodily injury" or "property damage" occurs during the policy period; and

**(3)**    Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**2.    Exclusions**

This insurance does not apply to:

**a.    Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b.    Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)**    Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. However, if the insurance under this policy does not apply to the liability of the insured, it also does not apply to such liability assumed by the insured under an "insured contract".

**(2)**    That the insured would have in the absence of the contract or agreement.

**j.    Damage to property**

"Property damage" to:

**(1)**    Property you own, rent, occupy or use, including any cost, or expense incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

**(2)**    Property that any of your:

**(a)**    "Employees";
**(b)**    "Volunteer workers";
**(c)**    Partners or members (if you are a partnership or joint venture); or
**(d)**    Members (if you are limited liability company)

31

own, rent, occupy or use.   However, this exclusion **j.(2)**, shall not apply to your liability for damage to such property;

**(3)**   Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

**(4)**   Property loaned to you;

**(5)**   Personal property in the care, custody or control of, or over which physical control is being exercised for any purpose by any insured;

**(6)**   That particular part of real property on which any inured or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(7)**   That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs **(1)**, **(2)**, **(4)** and **(5)** of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of seven or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section **III** - Limits of Insurance.

Paragraph **(3)** of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs **(4)**, **(5)**, **(6)** and **(7)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(7)** of this exclusion does not apply to "property damage" included in the "products completed operations hazard".

**k.**   **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l.**   **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

32

      **m.**    **Damage To Impaired Property Or Property Not Physically Injured**

        "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

        **(1)**    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

        **(2)**    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

        This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

## SECTION V - DEFINITIONS

**4.**    "Bodily injury" means bodily injury, bodily sickness or bodily disease sustained by a person, including death resulting from any of these at any time.

**5.**    "Coverage territory" means:

      **a.**    The United States of America (including its territories and possessions), Puerto Rico and Canada;

      **b.**    International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in **a.** above; or

      **c.**    All other parts of the world if the injury or damage arises out of:

        **(1)**    Goods or products made or sold by you in the territory described in **a.** above;

        **(2)**    The activities of a person whose home is in the territory described in **a.** above, but is away for a short time on your business; or

        **(3)**    "Personal injury" or "advertising injury" offenses that take place through the Internet or similar electronic means of communication

        provided the insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in **a.** above or in a settlement we agree to.

**10.**    "Insured contract" means:

    **f.**    That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

    Paragraph **f.** does not include that part of any contract or agreement:

      **(1)**    That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing;

      **(2)**    That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

        **(a)**    Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

        **(b)**    Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

      **(3)**    Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in **(2)** above and supervisory, inspection, architectural or engineering activities.

**14.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**18.**    "Property damage" means:

    **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**    Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

21. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies are alleged. "Suit" includes:

    **a.**    An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    **b.**    Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

26. "Your product":

    **a.**    Means:

        **(1)**    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

            **(a)**    You;
            **(b)**    Others trading under your name; or
            **(c)**    A person or organization whose business or assets you have acquired; and

        **(2)**    Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    **b.**    Includes:

        **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

        **(2)**    The providing of or failure to provide warnings or instructions.

    **c.**    Does not include vending machines or other property rented to or located for the use of others but not sold.

27. "Your work":

    **a.**    Means:

        **(1)**    Work or operations performed by you or on your behalf; and

        **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

    **b.**    Includes:

        **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

        **(2)**    The providing of or failure to provide warnings or instructions.

41.     Among the coverage provisions of the insurance policy issued by Auto-Owners to Scates Builders is an exclusion found under Section 1 - Coverages - Coverage A, subparagraph 2, titled "Exclusions", at paragraph j - "Damage to Property", (6), that the insurance does not apply to any damage to that particular part of real property on which the insured or any contractor or subcontractor working directly or indirectly on the insured's behalf is performing operations, if the property damages rise out of those operations.   As set out in the Demand for Arbitration of the Knights the damages they seek arise directly out of the work performed by Scates Builders, or its subcontractors. As a consequence, coverage for the damages sought by Knights is excluded by the policy.

42.     The policy issued by Auto-Owners to Scates Builders provided under Section 1 - Coverages - Coverage A, subparagraph 2, titled "Exclusions", at paragraph j - "Damage to Property", (7), the insurance did not apply to property damage to that particular part of any property that had to be restored, repaired or replaced because the insured's work was incorrectly performed.   The damages sought by the Knights include damages to that particular part of the real property in question that was repaired, replaced or restored because the work of Scates Builders was incorrectly or improperly performed.

36

As a consequence, coverage under this policy herein identified is excluded.

43.    The policy issued by Auto-Owners to Scates Builders provided under Section 1 Coverages A, subparagraph 2, titled Exclusions, at paragraph k that the insurance did not apply to "property damage" to "your product, arising out of it or any part of it."   The damages sought by the Knights is for property damage to Scates Builders' product which arose out of defects in the product or parts of the product.   As a consequence, coverage under the policy herein identified is excluded under Exclusion k.

44.    The policy issued by Auto-Owners to Scates Builders provided under Section 1 - Coverages - Coverage A, subparagraph 2, titled "Exclusions", at paragraph l, that the insurance did not apply to property damage to the work of the insured arising out of or any part of it and included in the products-completed operations hazard.   The allegations of the complaint are that the work in question was negligently completed and, as a consequence, any coverage under the policy herein identified is excluded.

45.    The policy issued by Auto-Owners to Scates Builders provided under Section 1 - Coverage A, subparagraph 2, titled "Exclusions", at paragraph m. that the insurance did not apply to "property damage", to "impaired property" or property that has not been physically injured, arising out of: (1) a defect, deficiency, inadequacy, or dangerous condition in "your product" or "your work"; or (2) a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.   This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.   The exclusion found at paragraph m clearly excludes coverage under the policy herein identified for the claims of the Knights.

46.    The policy issued by Auto-Owners to Scates Builders provided coverage for property damage as a result of an "occurrence."   "Occurrence" is defined as an accident, including continuous or repeated exposure to substantial, general and harmful conditions.   The actions of Scates Builders and events herein as alleged by the Knights do not meet the definition of an "occurrence" as defined in the policy and therefore, as a consequence, there is no coverage under the policy for the damages claimed by the Knights.

47.    The insurance policy of Auto-Owners does not provide liability insurance coverage for breach of contract, fraudulent acts, or intentional acts complained of against Scates Builders.   The Knights have alleged breach of contract/warranty, fraud and intentional acts as causes of actions against Scates Builders.   As a result, there is no coverage for those claims under the terms of the policy.

48.    Auto-Owners is entitled to a declaration of this Court that the policy in question does not provide insurance coverage to Scates Builders for the acts as alleged in the Demand for Arbitration or for the damages sought by the Knights as the claims are expressly excluded under the provisions of the policy.

WHEREFORE, Auto-Owners and Owners demand as follows:

1.    Judgment declaring that Auto-Owners owes no coverage and no duties to defend or indemnify in regard to the claims of Simpsons against Scates Builders LLC and/or J. Jeffrey Scates and Theresa Weaks Scates individually under Scates Builders LLC's policy with Auto-Owners;

2.    Judgment declaring that Owners owes no coverage and no duties to defend or indemnify in regard to the claims of Simpsons against Scates Builders

LLC and/or J. Jeffrey Scates and Theresa Weaks Scates individually as additional insureds under Owner's policy to Kevco Plumbing LLC;

3.      Judgment declaring that Auto-Owners owes no coverage and no duties to defend or indemnify in regard to the claims of Knights against Scates Builders LLC under Scates Builders LLC's policy with Auto-Owners;

4.      For their costs herein expended; and,

5.      For any and all other relief to which it may appear entitled.

Respectfully submitted,

/s/ Berlin Tsai
Berlin Tsai
**Sewell & Neal, PLLC**
220 West Main Street, Suite 1800
Louisville, KY 40202
Telephone:   502.582.2030
Facsimile:    502.561.0766
*Counsel for Owners Insurance Company and Auto-Owners Insurance Company*